IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**GARY L. SMITH,**

    **Plaintiff,**

v.                                       Civil Action No. 1:05CV49
                                              (Judge Keeley)

**MARCY METHENY, ICO;**
**KEVIN J. WENDT, Warden; and**
**HARLEY LAPPIN, Director,**

    **Defendants.**

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

On March 17, 2005, the *pro se* plaintiff, Gary L. Smith ("Smith"), filed a <u>Bivens</u> action against the defendants in the above-styled case alleging a violation of his First Amendment rights. (Doc. No. 1.) In his Complaint, Smith seeks an injunction to prohibit the Bureau of Prisons ("BOP") from "rejecting indecent sexually expressive, non-commercial photographs which are non-obscene," and seeks money damages against those defendants who were directly responsible for rejecting delivery of such photographs to Smith while incarcerated at the Federal Corrections Institute ("FCI") at Gilmer County, West Virginia. <u>Id.</u> On August 2, 2005, United States Magistrate Judge John S. Kaull entered a Report and Recommendation ("R&R") recommending that Smith's argument that

ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

such exhaustion would be futile be rejected, and that Smith's Bivens action be denied and dismissed without prejudice for failure to exhaust administrative remedies. (Doc. No. 15.) Smith subsequently objected on August 11, 2005, and reasserted his futility argument. (Doc. No. 16.) For the reasons that follow, the Court **ADOPTS** the Magistrate's R&R and **DISMISSES WITHOUT PREJUDICE** Smith's Bivens action.

### Exhaustion of Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a), requires that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, subsequent to enactment of the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), like an action pursuant to 42 U.S.C. § 1983, must first exhaust all available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002).

In this case, there is no dispute that Smith failed to exhaust the administrative remedial procedures developed by the

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

BOP before filing his Complaint.[1] However, Smith contends that his failure to exhaust should not bar the Court's review because exhaustion would be futile. Magistrate Judge Kaull disagreed and, after finding the grounds underlying Smith's futility argument to be meritless, recommended that his Complaint be dismissed. Though Smith's objections to the Magistrate's R&R reassert his position that the futility exception to the exhaustion requirement should apply, he offers no more than a bald assertion in support: "Clearly any effort to exhaust the administrative remedies would be futile, given that the Federal Bureau of Prisons . . . would be unlikely to grant the Plaintiff relief against its own published regulations."(Doc. No. 16 at 1.) While lacking in substance, the Court does not reach the merits of Smith's objection because it finds the basis for his objection to fall outside the scope of the claims made in Smith's Complaint.

In his Complaint, Smith contends that the BOP is violating his First Amendment rights by "rejecting non-commercial photographs *against* their own policy." (Doc. No. 1 at 3)(emphasis added). The policy referred to by Smith stems from BOP

---

[1] On page 2 of his Complaint Smith states, "The Plaintiff has not exhausted his administrative remedies."

regulations enacted in the wake of the Ensign Amendment of the Omnibus Consolidated Appropriations Act of 1997 which prohibits the BOP's use of appropriated funds to "distribute or make available any commercially published information or material to a prisoner . . . [when] such information or material is sexually explicit or features nudity." Pub.L. No. 104-208, § 614, 110 Stat. 3009-66 (1996). Thus, the root of Smith's Complaint is his allegation that the BOP is violating his First Amendment rights by improperly prohibiting him from receiving sexually explicit photographs that are not covered by BOP policy because those photographs were taken by him for private use and are non-commercial.

By contrast, the futility argument forwarded in Smith's objections to the Magistrate Judge's R&R is founded on the premise that the BOP is acting within the scope of its established policy when rejecting his photographs. Therefore, he asserts, seeking relief through the BOP's remedial channels would be futile since the BOP is unlikely to award relief contrary to its published regulations. (Doc. No. 16 at 1.)

The rationales underlying Smith's Complaint and his objections to the Magistrate's R&R are simply incongruous. Thus, the Court finds the futility argument in Smith's objections to go

SMITH v. METHENY, ET.AL.                                    1:05CV49

**ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION**

beyond the scope of his Complaint. Accordingly, the Court **ADOPTS** the Magistrate's Report and Recommendation and **DISMISSES WITHOUT PREJUDICE** Smith's <u>Bivens</u> action for failure to exhaust his administrative remedies as mandated by the PLRA.

### Motion for Temporary Restraining Order

On June 2, 2005, Smith filed a document interpreted as a motion for a Temporary Restraining Order seeking to enjoin the BOP from transferring him from FCI Gilmer to another institution during the pendency of this action. (Doc. No. 12.) On September 12, 2005, however, Smith was transferred by the BOP from FCI Gilmer to an FCI in Inez, Kentucky. Thus, the Court **DENIES** Smith's motion for a Temporary Restraining Order **AS MOOT**.

The Clerk is directed to file this Order electronically and mail a copy of this Order to *pro se* plaintiff by certified mail, return receipt requested.

DATED: February ____9____, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
United States District Judge